1  Victor J. Otten (SBN 165800)
   vic@ottenandjoyce.com
2  OTTEN & JOYCE, LLP
   3620 Pacific Coast Hwy, Suite 100
3  Torrance, California 90505
   Phone: (310) 378-8533
4  Fax: (310) 347-4225

5  Donald E.J. Kilmer (SBN 179986)
   LAW OFFICES OF DONALD KILMER
6  A Professional Corporation
   1645 Willow Street, Suite 150
7  San Jose, California 95125
   Phone: (408) 264-8489
8  Fax: (408) 264-8487

9  Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DARRIN OWEN, an individual; JAMES JOYCE, an individual; OLEN DAUGHERTY, an individual; THE CALGUNS FOUNDATION, INC., a California nonprofit public benefit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>STEPHEN J. LINDLEY, in his capacity as Bureau Chief of the Bureau of Firearms for the State of California Department of Justice; KAMALA D. HARRIS, in her capacity as Attorney General of the State of California; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>(1) **VIOLATION OF SECOND AMENDMENT**<br><br>(2) **VIOLATION OF FIFTH & FOURTEENTH AMENDMENTS— DENIAL OF PROCEDURAL DUE PROCESS**<br><br>(3) **VIOLATION OF FIFTH & FOURTEENTH AMENDMENTS— DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW**<br><br>(4) **VIOLATION OF 42 U.S.C. §1983**<br><br>(5) **VIOLATION OF 18 U.S.C. §925A**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

COME NOW Plaintiffs and allege as follows:

## **INTRODUCTION**

1. Plaintiffs in this action are residents of the State of California who have been denied their right to keep and bear arms for self-defense, rights expressly protected under the Second Amendment to the United States Constitution. Plaintiffs have also been deprived of due process of the laws under the Fifth and Fourteenth Amendments by certain policies and practices of the Defendants challenged in this lawsuit. All Plaintiffs are legally qualified to purchase and possess firearms under California and federal law.

2. California law provides that a firearm dealer may not transfer possession of a firearm to a purchaser/transferee until the expiration of a ten-day period, during which time a background check is run under the California Dealers Record of Sales ("DROS") Program. Convicted felons, people convicted of certain misdemeanors which involve force or violence, people actively using illegal drugs and people with mental illness, among others, are prohibited from purchasing firearms. Under the DROS program, the California Department of Justice ("DOJ") must "examine its records," as well as State mental health records, to determine whether the purchaser/transferee is barred from firearm ownership and possession.

3. Under current policies and practices as promulgated and interpreted by the Defendants, once the DROS background check is completed the DOJ will notify the firearm dealer (a) that the person is eligible to purchase the firearm[1], (b) that the individual is "prohibited from purchasing" and ineligible to take possession of the firearm, or (c) that the firearm must not be released to the purchaser/transferee without further notice because DOJ "is unable to determine" if the purchaser/transferee is "prohibited from purchasing a firearm". Because the DOJ's criminal arrest and conviction records are replete with inaccurate

---

[1] The DOJ notifies the dealer that a firearm may be released to the purchaser/transferee by not transmitting a denial or delay notice to the dealer within the ten-day DROS period.

information, and because the final disposition of some arrests and prosecutions are never entered into the DOJ database (as required by state law, or because a flagged incident occurred in a jurisdiction that does not report to DOJ), many firearm purchasers/transferees, like Plaintiffs, are improperly denied the right to take possession of their self-defense firearm(s). Moreover, when the reason for denial falls into category "c" above (DOJ's defective records), the DOJ either places the burden on the purchaser/transferee to affirmatively prove (at their own expense of time and cost, in addition to the DROS background check fees already paid by the purchaser/transferee to the DOJ) that he or she is not disqualified to exercise their Second Amendment rights before taking possession of the firearm or instructs the purchaser/transferee to wait until the DOJ satisfies itself that the purchaser/transferee is not prohibited—denying the firearm(s) to its/their owner sometimes for months or more, if ever.

4. There is no statutory basis for delaying and/or constructively denying the possession of firearms by purchasers/transferees/transferees that the DOJ cannot show to be prohibited under state and/or federal law.

5. There is no statutory basis for requiring purchasers/transferees to carry the burden of demonstrating that they are eligible to possess and acquire firearms beyond the act of submitting to the DOJ's background check process (initiated through the DROS transaction).

6. In acting pursuant to these policies, Defendants have unreasonably delayed or constructively denied non-prohibited purchasers/transferees of firearms their right to take possession of their property. Firearm purchasers/transferees are thus deprived of their right to keep and bear arms and deprived of their right to possess their property without due process of law.

7. Until recently, firearm purchasers/transferees who were subject to the delays had no official explanation of the delays or how to address them. The DOJ website has been modified to include a DROS Processing Advisory, a copy of

which is attached to this complaint as **Exhibit 1**. While the DROS Processing Advisory sheds light on how the DOJ would ideally process DROS applications, it glosses over the glaring deficiencies in the process actually encountered by Plaintiffs as well as their constitutional rights.

8. Plaintiffs ask this Court to declare Defendants' policies and practices unconstitutional under the Second Amendment to the United States Constitution and enjoin, preliminarily and permanently, all policies and practices that delay or deny the acquisition or transfer of firearms beyond the statutory ten-day background check period where the DOJ has *not* made a determination that the recipient *is* prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm or that the firearm *is* otherwise prohibited from being transferred.

## JURISDICTION AND VENUE

9. This case raises questions under the Constitution of the United States and 42 U.S.C. §1983, 18 U.S.C. § 925A, and this Court has jurisdiction over all claims for relief through 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant Stephen Lindley resides in this district and all Defendants reside in the State of California. Venue is also proper in this Court because a substantial part of the events giving rise to the claim occurred in this district.

## NATURE OF DISPUTE

10. This action, pursuant to 42 U.S.C. §1983, seeks (1) a declaration that the Defendants' policies and practices of delaying the release of firearms beyond California's statutory ten-day background check period to the lawful owners who are not determined by the DOJ to be prohibited from possessing firearms is unconstitutional under the Second Amendment to the United States Constitution and the Due Process clause of the Fourteenth Amendment to the United States

Constitution, and (2) a preliminary and permanent injunction preventing Defendants from delaying the release of firearms to the owner where Defendants (including the DOJ) have **_not_** determined that the recipient _is_ prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm within the ten-day background check period expressly provided by California law when that the firearm _is_ not otherwise prohibited from being transferred.

11. To enforce the rights afforded by the United States Constitution, Plaintiffs bring this suit pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief against the enforcement of Defendants' firearm delay policies and practices. Plaintiffs also seek to recover all their attorney's fees, costs, and expenses incurred in this action and any other relief that this Court may order.

## PARTIES

12. Plaintiff DARRIN OWEN is an individual residing in the City of Taft, County of Kern, California.

13. Plaintiff JAMES JOYCE is an individual residing in the City of Apple Valley, County of San Bernardino, California.

14. Plaintiff OLEN DAUGHERTY is an individual residing in the City of Claremont, County of Los Angeles, California.

15. Plaintiff THE CALGUNS FOUNDATION, INC. ("CALGUNS") is a California nonprofit public benefit corporation incorporated and with its headquarters in San Carlos, California. CALGUNS is dedicated to, _inter alia_, defending and protecting the civil rights of law-abiding California firearm owners. CALGUNS brings this action on behalf of its supporters, including the individual Plaintiffs, who possess all the indicia of membership.

16. Defendant STEPHEN J. LINDLEY is the Chief of the Bureau of Firearms, a division of Defendant the State of California Department of Justice. Plaintiffs are informed and believe that LINDLEY is responsible for interpreting, implementing and executing the policies and procedures of the State of California

4
COMPLAINT

Department of Justice. As such, he is responsible for formulating, executing and administering the laws, customs and practices that Plaintiffs challenge, and is in fact presently enforcing the challenged laws, customs, and practices against Plaintiffs. Defendant LINDLEY is sued in his official capacity as Chief of the Bureau of Firearms.

17. Defendant KAMALA D. HARRIS is the elected Attorney General of the State of California. In her role as the Attorney General, Defendant HARRIS is responsible for interpreting, implementing and executing the policies and procedures of the State of California Department of Justice. As such, she is responsible for formulating, executing and administering the laws, customs and practices that Plaintiffs challenge, and is in fact presently enforcing the challenged laws, customs, and practices against Plaintiffs. Defendant HARRIS is sued in her official capacity as Attorney General.

18. The State of California Department Of Justice is a political subdivision of the State of California. It is obligated under California law to assess the backgrounds of firearms purchasers/transferees and is the final authority as to whether California firearm dealers can release firearms to purchasers/transferees, including the Plaintiffs in this action. As such, it is responsible for formulating, executing and administering the laws, customs and practices that Plaintiffs challenge, and is in fact presently enforcing the challenged laws, customs, and practices against Plaintiffs. Defendants HARRIS, LINDLEY, and the State of California Department of Justice are from time-to-time collectively referred to as DOJ.

19. On information and belief, Defendants DOES 1-10 are employees or agents of the State of California, or of local governmental agencies, who are responsible for formulating, executing and administering the laws, customs and practices that Plaintiffs challenge, and are in fact presently enforcing the challenged laws, customs, and practices against Plaintiffs. On information and belief,

Defendants DOES 1-10 have facilitated, participated in, or otherwise furthered the unlawful denial of transfers of firearms to Plaintiffs, and the seizure of Plaintiffs' property without compensation.

20. The true names and capacities of DOES 1-10 are, at this time, unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and who will ask leave of the Court to amend this Complaint to reflect the true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and thereon allege, that each of said Defendants are responsible in some manner for the events and injuries herein described, and proximately caused damages to Plaintiffs as herein alleged.

21. Plaintiffs are informed and believe and thereon allege, that, at all times herein alleged, each and every Defendant was the agent, employee, servant, partner, and licensee of each of his or their co-Defendants, and, in doing the actions hereinafter alleged, was acting within the scope of his or their authority as such agent, employee, servant, partnership, and licensee with the permission and consent of each co-Defendant.

## *CALIFORNIA'S REGULATORY SCHEME RELATING TO PURCHASE OF FIREARMS AND TRACKING CRIMINAL ACTIVITY*

22. In 1975, the California DOJ started the Dealers Record of Sales (DROS) Program. One of the purposes of the DROS program is to "ensure that firearms are not purchased by persons prohibited from possession, custody, or control of these weapons".[2] The types of people prohibited from owning or possessing a firearm in California include but are not limited to convicted felons, people convicted of certain misdemeanors which involve force or violence, people actively using illegal drugs and people with mental illness.

///

---

[2] Cal. Dept. of Justice, Div. of Law Enforcement, Report of Findings of Assem. Bill No. 497 Processing Alternatives Feasibility Study (May 1991).

23. California Penal Code section 27540 prohibits a dealer from transferring possession of a firearm to a purchaser/transferee within ten-days after completion and submission of a DROS application to purchase to the Department of Justice. The DROS application must be submitted to the DOJ by the dealer within two business days after its completion.[3] Except in extraordinary circumstances, the submission of the DROS by a dealer is done electronically through a DOJ-mandated computer terminal and the Internet. Penal Code section 28220 requires the DOJ to conduct a background check to determine if the purchaser/transferee is prohibited from owning a firearm.[4] The DOJ is required to ". . . examine its records, as well as those records that it is authorized to request from the California Department of State Hospitals pursuant to Section 8104 of the Welfare and Institutions Code, in order to determine if the purchaser/transferee is a person described in subdivision (a) of Section 27535, or is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm." In the alternative to allowing the dealer to release the firearm to the purchaser/transferee, the DOJ will deny, reject or delay the application.[5]

24. The DROS process is described in the DROS Entry Application User Manual, which appears at https://dros.appsolgrp.com/wpsd/manual.pdf. (Relevant excerpts are attached as **Exhibit 2**.) When a DROS application is filed, one of several notices will be issued by the DOJ.

25. A Denial Notice is generated when DOJ records indicate that the purchaser/transferee is not eligible to purchase a firearm.

26. A Delay/More Information Notice is generated when a purchaser/transferee's eligibility cannot be determined within ten-day background check period by the DOJ. This letter informs the dealer that the DOJ is unable to

---

[3] Penal Code § 27655(b).
[4] Penal Code § 28220(a).
[5] Cal. Dept. of Justice, Bureau of Firearms website at http://oag.ca.gov/firearms, last visited September 11, 2013.

7
COMPLAINT

determine the purchaser/transferee's eligibility and states that the DOJ cannot authorize the release of the firearm at this time. The letter directs any questions to the Firearms Clearance Section and provides a phone number to call for more information (as set forth in great detail herein, it is virtually impossible to reach a representative of the DOJ by calling that number). If a dealer receives a Delay Notice from the DOJ, they must place the transfer of possession of the firearm on hold and wait for final determination from DOJ.

27. The DOJ may subsequently deny the transaction. A Deny after Delay Notice is generated to follow up to a Delay/More Information Notice. This notice indicates that the purchaser/transferee is not eligible to purchase a firearm.

28. Or, the DOJ may subsequently approve the transaction. A Release After Delay is generated to follow up to a Delay/More Information Notice. This notice indicates that the eligibility of a purchaser/transferee has been obtained and that the firearm may be delivered to the purchaser/transferee.

29. Alternatively, as is the case with several of the Plaintiffs, the DOJ will delay the transaction indefinitely until such time that the purchaser/transferee dispositively proves that they are not prohibited from possessing firearms or the DOJ makes that determination on its own.

30. Under California law, when an arrest is made, the arresting agency must report identification and arrest data to the DOJ.[6]

31. The data that the arresting agency must report, if such information is available, is specifically enumerated in California Penal Code section 13125 and includes the disposition of the court (e.g. conviction, dismissal, or acquittal).

32. Thereafter, the superior court is obligated to report its disposition of the case to the Department of Justice within thirty (30) days.[7] If the court dismisses the case against the arrestee, its disposition report shall state the reason

---

[6] Penal Code § 13150.
[7] Penal Code § 13151.

for the dismissal, e.g. defective accusation, interests of justice, or some other reason.[8]

33. California law further provides that "[t]he court shall also furnish a copy of such disposition report to the law enforcement agency having primary jurisdiction to investigate the offense alleged in the complaint or accusation."[9]

34. Penal Code section 849(a) states: "[w]hen an arrest is made without a warrant by a peace officer or private person, the person arrested, if not otherwise released, shall, without unnecessary delay, be taken before the nearest or most accessible magistrate in the county in which the offense is triable, and a complaint stating the charge against the arrested person shall be laid before such magistrate." The Code further states that "[a]ny peace officer may release from custody, instead of taking such person before a magistrate, any person arrested without a warrant whenever: (1) He or she is satisfied that there are insufficient grounds for making a criminal complaint against the person arrested."[10] Subsection (c) of that statute provides: "[a]ny record of arrest of a person released pursuant to paragraphs (1) and (3) of subdivision (b) shall include a record of release. **Thereafter, such arrest shall not be deemed an arrest, but a detention only**." (Emphasis added).

35. Significantly, Penal Code section 851.6 provides, in relevant part: "(a) In any case in which a person is arrested and released pursuant to paragraph (1) or (3) of subdivision (b) of Section 849, the person shall be issued a certificate, signed by the releasing officer or his superior officer, describing the action as a detention. (b) In any case in which a person is arrested and released and no accusatory pleading is filed charging him with an offense, the person shall be issued a certificate by the law enforcement agency which arrested him describing the action as a detention . . . **(d) Any reference to the action as an arrest shall be deleted from the arrest records of the arresting agency and of the Bureau of Criminal**

---

[8] Penal Code § 13151.1
[9] Id.
[10] Penal Code § 849(b)(1).

9
COMPLAINT

**Identification and Investigation of the Department of Justice.** Thereafter, any such record of the action shall refer to it as a detention." (Emphasis added)

36. On July 17, 2011, the Los Angeles Times reported that the criminal records system maintained by Defendants is "so poorly maintained that it routinely fails to alert officials to a subject's full criminal history." Because "California has a shoddy system for collecting case results from fifty-eight (58) county courts and hundreds of local prosecutors and police agencies, . . . [t]he final outcome--guilty, not guilty, case dismissed--is missing for about 7.7 million of the 16.4 million arrest records entered into the state computers over the last decade." It is unknown how many millions of records have incomplete entries for the period beyond the past decade.

37. Plaintiffs are informed and believe and thereon allege that it is the policy of Defendants to shift the burden onto people attempting to purchase firearms to prove their eligibility where DOJ lacks what it deems to be sufficient information.

38. All Plaintiffs paid the DROS application fees.

39. All Plaintiffs' intended use of the firearms sought by them is for self-defense in the home.

### *CHALLENGED POLICY*

40. Contrary to the express language of the California Penal Code, the Department of Justice, by and through the actions of Defendants, has implemented, promulgated, and enforced a policy and practice of issuing notices to its licensees indefinitely delaying the delivery of firearms after the statutory ten-day background check period has passed without determining that the purchaser/transferee *is* prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm, *is* a person described in subdivision (a) of Section 27535, or that the firearm is otherwise prohibited from being transferred.

/ / /

10
COMPLAINT

41. Plaintiffs are informed and believe and thereon allege that it is the policy of Defendants to shift the burden onto people attempting to purchase firearms to prove their eligibility.

42. Plaintiff THE CALGUNS FOUNDATION, INC. has been forced to spend organizational resources to enforce the rights of Plaintiffs as described in this Complaint.

## PLAINTIFFS' INDEFINITE DELAYS

### Darrin Owen

43. Plaintiff Owen purchased a firearm on or about February 2012 from a licensed dealer called Ten Percent Firearms in Taft, California. Plaintiff completed an application to purchase which was submitted to Defendant.

44. At all times alleged herein, Owen was eligible to own a firearm under state and federal law.

45. By letter dated August 17, 2012, Gerri Kanelos, the Manager with the Firearms Division of the DOJ, informed the dealer where Owen purchased the firearm that Defendant DOJ had issued a hold on his application. (A copy of that letter is attached as **Exhibit 3.**)

46. As a result of Defendants actions, Owen has unconstitutionally been denied possession of his firearm for a period in excess of 18 months.

47. Plaintiff's intended use of that firearm is self-defense.

### James Joyce

48. Plaintiff James Joyce purchased a firearm on December 12, 2012 from a licensed dealer called Big 5 Sporting Goods in Apple Valley, California. Plaintiff completed an application to purchase which was submitted to Defendant.

49. At all times alleged herein, Joyce was eligible to own a firearm under state and federal law.

50. By letter, the Program Manager with the Firearms Division of the DOJ informed the dealer where Joyce purchased the firearm that Defendant DOJ had

issued a hold on his application.

51. As a result of Defendant DOJ's actions, Joyce has unlawfully been denied possession of his firearm for a period in excess of nine (9) months.

52. Plaintiff's intended use of that firearm is self-defense.

### *Olen Daugherty*

52. Plaintiff Olen Daugherty purchased a firearm on May 9, 2013 from a licensed dealer called Turner's Outdoorsman, in Chino Hills, California. Plaintiff completed an application to purchase which was submitted to the DOJ.

53. At all times alleged herein, Daugherty was eligible to own a firearm under state and federal law.

54. By letter dated May 16, 2013, Gerri Kanelos, a Manager with the Firearms Division of the DOJ, informed the dealer where Daugherty purchased the firearm that the DOJ had issued a hold on his application. (A copy of that letter is attached as **Exhibit 4**).

55. Plaintiff Daugherty made numerous attempts to contact the DOJ at the number provided on the Delay letter provided to Turner's. On the one occasion that he was able to speak with someone at the DOJ, he was told that the delay was because of an out of state arrest that showed up on an FBI report.

56. Plaintiff Daugherty visited the LiveScan finger printing location near his house and gave them his fingerprints, along with a completed Form BCIA 8016RR, to conduct a full background check on himself at his own expense of time and money. He was informed that a search of his fingerprints did not identify with any criminal history maintained by their (DOJ) Bureau.

57. As a result of Defendant DOJ's actions, Plaintiff has unlawfully been denied possession of a firearm for a period in excess of three (3) months.

58. Plaintiff's intended use of that firearm was self-defense.

///

///

### *Organizational Plaintiff*

59. Plaintiff CALGUNS has received hundreds of reports via telephone, e-mail, and verbally, regarding the matters addressed herein. Plaintiff CALGUNS reasonably believes that the hundreds of reports it has received to this time constitutes only a fraction of the total number of cases in which firearms purchasers/transferees have been improperly and unconstitutionally denied possession of their firearms by Defendants. In response, CALGUNS has expended time, personnel, and funds addressing these concerns. Such efforts include researching the duties of the DOJ in processing DROS applications, responding to individual requests, contacting the DOJ and their counsel regarding their statutory duties, and litigating the matter herein.

## EQUITY AND IRREPARABLE INJURY

60. There is between the parties an actual controversy as set forth in this Complaint. Plaintiffs are suffering irreparable injury and are threatened with irreparable harm in the future by reason of the acts alleged herein, inasmuch as they are being denied fundamental, constitutionally-protected rights explicitly enumerated in the Bill of Rights.

61. Plaintiffs have no plain, adequate, or complete remedy to speedily redress the wrongs complained of herein other than this action. Any other remedy to which Plaintiffs could be remitted would be attended by such uncertainties and delays that it would cause further irreparable injury, damage, and inconvenience to them. Damages are not adequate to protect Plaintiffs from the continuing effects of the actions of Defendants and from Defendants' failure to act.

## FIRST CAUSE OF ACTION--VIOLATION OF SECOND AMENDMENT
### (Against All Defendants)

62. Plaintiffs re-allege paragraphs 1 through 61 of this Complaint as though fully set forth herein.

63. Plaintiffs are and at all relevant times have been eligible to purchase

and possess firearms under the laws of California and the United States. The policies and practices of Defendants as set forth in this Complaint unduly and impermissibly infringe the fundamental individual right to keep and bear arms enshrined in the Second Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION—VIOLATION OF FIFTH & FOURTEENTH AMENDMENTS—DENIAL OF PROCEDURAL DUE PROCESS

**(Against All Defendants)**

64. Plaintiffs re-allege paragraphs 1 through 61 of this Complaint as though fully set forth herein.

65. Defendants' policies and practices violate fundamental liberties that are protected by the Due Process clause, both on its face and as applied to Plaintiffs.

66. Defendants' policies and practices impinges on fundamental liberties by indefinitely delaying individuals—denying them both the opportunity to receive and possess their property as well as denying them a final administrative determination without any plain, speedy, or adequate remedies reasonably available to Plaintiffs to vindicate their right to keep and bear arms through any existing administrative process.

67. Plaintiff THE CALGUNS FOUNDATION, INC. has been forced to spend organizational resources to enforce the rights of Plaintiffs' as described in this Complaint.

## THIRD CAUSE OF ACTION--VIOLATION OF FIFTH & FOURTEENTH AMENDMENTS—DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW

**(Against All Defendants)**

68. Plaintiffs re-allege paragraphs 1 through 61 of this Complaint as though fully set forth herein.

///

14
COMPLAINT

69. Plaintiffs are and at all relevant times have been eligible to purchase and possess firearms under the laws of California and the United States.

70. Compliance with the policies of the State of California requires that a firearm be possessed by the dealer at the time of purchase, but the purchaser/transferee or transferee is not permitted to take possession of the firearm until after the DOJ has cleared the purchaser/transferee or transferee to receive physical possession of the firearm. The conduct of Defendants as described in this Complaint has deprived Plaintiffs of possession of their property without due process of law.

## FOURTH CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983
### (Individual Plaintiffs Against All Defendants)

71. Plaintiffs re-allege paragraphs 1 through 61 of this Complaint as though fully set forth herein.

72. Insofar as they are enforcing the their policies and practices of delaying the release of firearms to the owners where the Department of Justice has **_not_** determined that the recipient **_is_** prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm within the background check period expressly provided by California law or that the firearm **_is_** otherwise prohibited from being transferred, Defendants, acting under the color of law, are depriving and will continue to deprive Plaintiffs of numerous rights secured by the Fourteenth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

## FIFTH CAUSE OF ACTION
## PURSUANT TO 18 U.S.C. § 925A
### (Individual Plaintiffs Against All Defendants)

73. Plaintiffs re-allege paragraphs 1 through 61 of this Complaint as though fully set forth herein.

74. Defendants denied Plaintiffs' acquisition and possession of firearms pursuant to subsection (s) and/or (t) of section 18 U.S.C. 922. Plaintiffs were not and are not prohibited from possession or receipt of a firearm pursuant to subsection (g) or (n) of section 18 U.S.C. 922.

## PRAYER

Wherefore, Plaintiffs pray for:

1. An order preliminarily and permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from delaying the release of any firearm to the firearm owner where the Department of Justice has ***not*** determined either that the recipient ***is*** prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm within the background check period expressly provided by California law or that the firearm ***is*** otherwise prohibited from being transferred;
2. Attorneys' fees and costs pursuant to 42 U.S.C. §1988 and 18 U.S.C. §925A;
3. Declaratory relief consistent with the injunction;
4. Costs of suit; and
5. Any other relief as the Court deems just and appropriate.

DATED: September 18, 2013          Otten & Joyce, LLP

                                    Victor J. Otten, Esq.
                                    Attorneys for Plaintiffs

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs hereby demand a trial by jury.

DATED: September 18, 2013

Otten & Joyce, LLP

_____
Victor J. Otten, Esq.
Attorneys for Plaintiffs